IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVIS NYHOFF,<br><br>    Defendant. | 4:22-CR-3112<br><br>REVISED TENTATIVE FINDINGS |

  The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 32.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report in two respects. Filing 32. Specifically, the defendant objects to credit card debts attributed to him—however, that doesn't affect the Court's calculation of the sentencing guidelines range. And the defendant also objects to a reported 2014 conviction for a marijuana offense, which he says must be incorrect because he was in prison at the time. Filing 32 at 1. That does affect his criminal history score, and for purposes of determining criminal history, the government has the initial burden of proving the fact of conviction. *See United States v. Dodson*, 817 F.3d 607, 610 (8th Cir. 2016). Accordingly, the Court will resolve this objection at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later

resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 7th day of March, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge